IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL A. MEDEARIS, #R05903,<br><br>    Plaintiff,<br><br>v.<br><br>PINCKNEYVILLE CC,<br>WEXFORD,<br>JOHN DOE, *Doctor Pinckneyville CC,*<br>JOHN DOES, *Nurses,* **and**<br>CHRISTINE BROWN,[1]<br><br>    Defendants. | Case No. 20-cv-00467-RJD |

## MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

  Plaintiff Michael Medearis, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivations of his constitutional rights regarding a delay in receiving various devices to accommodate his hearing impairment. He seeks monetary relief.

  The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of

---

[1] The Clerk of Court is **DIRECTED** to add Christine Brown and John Does, *nurses*, as defendants to the docket. (*See* Doc. 1, p. 2).

[2] The Court has jurisdiction to screen Medearis's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

Page 1 of 6

a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Medearis alleges that he has untimely received devices to help with his hearing impairment. (Doc. 1-1, p. 7). He wrote a grievance on December 9, 2019, regarding the delay in receiving hearing aids, G-shock watch, and CL20 headphones. (*Id.* at p. 9). The grievance stated that he had been waiting for the items since May 22, 2019. Ultimately, the Administrative Review Board found his grievance moot because he had received hearing aids and headphones. The Administrative Review Board stated that "once watch is received, you will get it." (*Id.*). Medearis was also told at some point that he was on the wait list for a G-shock watch and would get one soon. (Doc. 1, p. 6). As of the date of the Complaint, Medearis has been waiting for over eleven months to receive the watch, when the process is supposed to take four to six months. (*Id.*). Without a G-shock watch, he has no way of knowing when to report for his call passes, and the batteries for his hearing aids run out in between nurse visits. (Doc. 1-1, p. 3).

## DISCUSSION

The Court finds that Medearis's Complaint fails to state a claim and must be dismissed. First, it is not clear who the claims in the Complaint are against. In listing the defendants, Medearis states that Pinckneyville, Wexford, Doctor John Doe, Nurses, and

Christine Brown did not provide him medical treatment for his hearing impairment, but he does not describe in the statement of claim how they violated his constitutional rights or were involved in denying him accommodating devices. In fact, these individuals are not referenced in the statement of claim at all. Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Absent any allegations describing what each defendant did or failed to do in violation of Medearis's constitutional rights, claims against these individuals cannot proceed and must be dismissed without prejudice for failure to state a claim.

Additionally, Pinckneyville is not a "person" subject to suit for money damages under Section 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (holding the state and state agencies are not subject to suit under Section 1983 for money damages). Medearis must identify the specific individuals who violated his constitutional rights.

In light of these deficiencies, the Complaint does not survive preliminary review and shall be dismissed. If he wishes to pursue his claims, Medearis must file an amended complaint describing how each defendant violated his rights, keeping in mind that in Section 1983 actions, there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'"

*Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Medearis is advised that while he may use "John Doe" designation to refer to specific individual whose names are unknown, he must still make allegations against each individual (for example John Doe 1 did X and John Doe 2 did Y). He should explain what each defendant, named in the case caption, did or failed to do, in response.

### RECRUITMENT OF COUNSEL

Medearis has filed a copy of a letter from a law firm declining to represent him. (Doc. 3). The Court construes the letter as a motion asking the Court to recruit counsel on his behalf. Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The one letter that Medearis has provided is not sufficient for the Court to determine if he has made a reasonable effort to obtain counsel on his own. Additionally, Medearis has not included any information for why he believes is incapable of litigating this action himself. Therefore, the request for counsel is denied at this time. Should Medearis choose to move for recruitment of counsel at a later date, the Court directs him to: (1) contact at least two more attorneys regarding representation in this case; (2) include in the motion the names and address of the attorneys he has contacted; and (3) if

available, attach the letters from the attorneys who declined representation. To aide Medearis, the Clerk of Court is directed to send him a motion for recruitment of counsel form.

### DISPOSITION

For the reasons set forth above, the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. The Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**.

Medearis is **GRANTED** leave to file a "First Amended Complaint" on or before **February 5, 2021**. Should Medearis fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Medearis use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00467-RJD). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Medearis a blank civil rights complaint form and a motion for recruitment of counsel form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own

without reference to any previous pleading. Roberson must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Medearis is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Medearis is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 7, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**