IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL A. MEDEARIS, #R05903, <br><br> Plaintiff, <br><br> v. <br><br> ILLINOIS DEPARTMENT OF CORRECTIONS, CHRISTINE BROWN, JEFF DENNISON, and OTHER UNKNOWN AGENTS, <br><br> Defendants. | Case No. 20-cv-00467-RJD |

# MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Michael Medearis, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the Rehabilitation Act , 29 U.S.C. §§ 794-94e, against Defendants for failing to provide accommodations for his hearing loss. Medearis seeks declaratory judgment, monetary damages, and injunctive relief.

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] The Court has jurisdiction to screen Medearis's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE FIRST AMENDED COMPLAINT

Medearis alleges the following: He was transferred from Centralia Correctional Center to Pinckneyville on May 22, 2019. (Doc. 12, p. 4). Prior to being transferred, an order was issued for Medearis to receive hearing aids, headphones, and a G-shock watch that vibrated because he is hard of hearing. He sent a letter to the ADA coordinator at Pinckneyville, Christine Brown on June 28, 2019, requesting a communication plan, notification of daily activities, sign language and interpretation services, hearing aids, headphones, and a watch. (*Id.* at p. 4, 12). On August 16, 2019, he had a meeting with Brown regarding a communication plan. He was issued hearing aids but did not receive headphones or a watch and was denied his request for sign language and interpretation services. Without a vibrating watch, Medearis missed day room time and showers because he could not hear the intercom. (*Id.* at p. 4).

On November 4, 2019, Medearis filed a complaint with Brown regarding not receiving the watch and headphones. (Doc. 12, p. 5). Brown responded that the headphones would be delivered in a week but that the watches would take longer to arrive. Medearis received the headphones on December 13, 2019. He did not receive his watch until July 2, 2020. Medearis is "still denied communication plan for daily activities

sign language, and services." (*Id.*).

## DISCUSSION

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate the following Counts:

**Count 1:** Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claim against Defendants for failing to accommodate Medearis's hearing loss.

**Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

Medearis's allegations are sufficient to articulate a colorable ADA and/or RA claim. Medearis states that he is asserting his claims against all Defendants in their official and individual capacities. (Doc. 12, p. 1). His claim cannot proceed against the Defendants in their individual capacities, however, because individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 670 (7th Cir. 2012). Furthermore, the only proper defendant is the relevant state agency, the Illinois Department of Corrections. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Therefore, Count 1 will proceed against the Illinois Department of Corrections, and the Court dismisses with prejudice the other named Defendants.

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### RECRUITMENT OF COUNSEL

Medearis has filed a second Motion for Recruitment of Counsel (Doc. 13), which is denied.[3] In the denying his first request for counsel, the Court found that Medearis had not demonstrated that he had made a reasonable effort to obtain counsel on his own by providing a single declination letter from a law firm. He was instructed to contact at least two more attorneys regarding representation prior to seeking assistance from the Court. The Court further noted that Medearis had not provided any information for why he believes he is incapable of litigating this action himself.

The Court again finds that Medearis has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). He was instructed to contact two additional attorneys, and contrary to the Court's Order, he only contacted one additional law firm before filing the motion. Additionally, he states he has some college education but is unable to represent himself because he "[does not] want to," he is not a lawyer, and "need[s] a lawyer." As most *pro se* litigants would benefit from having an attorney, the Court must assess the difficulty of the case and relative competency of the plaintiff before asking a lawyer to volunteer his or her time and services. Medearis has not provided any information that enables the Court to determine he is incapable of continuing to represent himself in this matter, and the motion is denied.

---

[3] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** shall proceed against the **Illinois Department of Corrections. COUNT 1** is **DISMISSED with prejudice** as to Christine Brown, Jeff Dennison, and Unknown Agents, and the Clerk of Court is **DIRECTED** to terminate them as defendants.

The Motion for Recruitment of Counsel (Doc. 13) is **DENIED without prejudice**.

The Clerk of Court shall prepare for the Illinois Department of Corrections: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Medearis. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Because this suit addresses claims involving Medearis's medical treatment, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**Pursuant to Administrative Order No. 244, Defendant needs only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Medearis, and the judgment includes the payment

of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Medearis is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   **June 1, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.