IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL MEDEARIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-467-RJD |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS | ) ) | |
| Defendant. | ) ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC"), filed this suit pro se and in forma pauperis pursuant to the Americans with Disabilities Act, 42 U.S.C. §§12101-213 ("ADA") and the Rehabilitation Act, 29 U.S.C. §§ 29 U.S.C. §794 ("RA"). Plaintiff alleges that the IDOC failed to accommodate his hearing impairment. The Court conducted a threshold review pursuant to 42 U.S.C. §1915A and found that Plaintiff's Complaint stated a colorable claim pursuant to the ADA and the RA against the IDOC. Doc. 14. This matter now comes before the Court on Defendant's Motion for Summary Judgment (Doc. 30). Plaintiff did not respond. As explained further, the Motion for Summary Judgment is DENIED.

**Legal Standards**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The

moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Plaintiff's single claim against the IDOC is for alleged violations of the ADA and RA. The ADA and RA both protect individuals with disabilities from discrimination; the two statutes are "materially identical." *A. H. by Holzmuller v. Illinois High School Ass'n*, 881 F.3d 587, 591 (7th Cir. 2018). To succeed on this claim, Plaintiff must establish the following: (1) "he is a 'qualified individual with a disability'"; (2) "that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity"; and (3) "that the denial or discrimination was 'by reason of' his disability." *Wagoner v. Lemon*, 778 F.3d 586, 592 (7th Cir. 2015) (internal citations and quotations omitted).

For purposes of summary judgment, Defendant does not dispute that Plaintiff is a qualified individual with a disability; instead, the IDOC contends that Plaintiff received reasonable accommodations for his hearing disability. Whether the IDOC's accommodations are reasonable depends on "overall institutional requirements," including "[s]ecurity concerns, safety concerns, and administrative exigencies." *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 561 (7th Cir. 1996). This query is "highly fact-specific." *A. H. by Holzmueller*, 881 F.3d at 592 (internal citations and quotations omitted).

**Plaintiff's Deposition Testimony**

Plaintiff started losing his hearing in 2017 while he was incarcerated at Lawrence Correctional Center.  Doc. 30-1, pp. 21, 39.  He requested to be seen in the health care unit for hearing loss, but never received a response.  *Id.*, p. 11.  He transferred to Centralia Correctional Center in December 2018 and underwent a hearing test in approximately March 2019.  *Id.*  Following the test, the healthcare staff at Centralia told Plaintiff that in four to six months he would receive hearing aids, headphones to listen to television programs, and a watch that vibrated to notify him of call passes and "any activity that's taking place in the cell house."  *Id.*, pp. 12, 13.

Plaintiff transferred to Pinckneyville Correctional Center in May 2019.  He met with Christine Brown in the health care unit in June 2019.  Ms. Brown told him that it would be approximately 1-2 more months before his hearing aids would arrive, but she gave him a "hearing-impaired" sign to put on his cell door so that the guards would be aware of his impairment.  *Id.*, pp. 14, 15.  Plaintiff received his hearing aids in August or September 2019.  *Id.*, p. 17.  He received the headphones in December 2019 and the vibrating watch in mid-2020.  *Id.*, p. 20.  Before Plaintiff received the vibrating watch, he missed a meal approximately five times.  *Id.*, pp. 19-20.  He also missed approximately five showers and approximately five opportunities to go to the yard.  *Id.*

He received a charger for the watch, but it did not work.  *Id.*  Then he received another charger, and after "months" it stopped working.  *Id.*  He wrote Ms. Brown regarding the chargers, but the record is silent regarding how long he had to wait for a new charger(s) and whether he missed any meals, showers, etc. because his watch was not charged.  *Id.*  Overall, Plaintiff has sent Ms. Brown "too many [request slips] to count" regarding accommodations for his hearing disability.  *Id.*, p. 31.

**Discussion**

The ADA and RA require that prisons provide inmates with access to meals and showers, and "[r]efusing to make reasonable accommodations is tantamount to denying access." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012); *see also Clemons v. Dart*, 168 F. Supp. 3d 1060, 1065-66 (N.D. Ill. 2016) (internal citations omitted). Defendant's sole argument in its summary judgment motion is that Plaintiff received reasonable accommodations for his hearing impairment. The record reflects that after the staff at Lawrence Correctional Center determined Plaintiff had a hearing impairment, he waited approximately 18 months before he received the vibrating watch, and that he missed approximately five meals and five showers (among other activities) at Pinckneyville because he did not have the watch.[1]

There may very well be a good reason why Plaintiff had to wait so long for this accommodation, but Defendant did not provide the Court with any such reason or explanation.[2] Plaintiff waited less time for his hearing aids (approximately 5-6 months), but the record is likewise devoid of any reasoning or basis for the Court to find that a 5–6-month wait is reasonable; Defendant presents no evidence to the Court as to the steps its employees took to procure the hearing aids or watch to Plaintiff. The record reflects that, while Plaintiff waited for the hearing aids and watch, IDOC provided Plaintiff with other accommodations, e.g., a sign on his door. There is no evidence in the record why, despite these other accommodations, Plaintiff still missed the meals and showers. Viewing the evidence (or lack thereof) regarding Defendant's actions in

---

[1] Plaintiff testified that during the second shift, an officer would place a written call pass "in the door" for mealtime. Doc. 30-1, p. 18. No further evidence reflects whether any of the meals or other activities that Plaintiff missed occurred during the second shift.

[2] Defendant points to a memo from Christine Brown in which she informed Plaintiff that "watches are on back order related to the COVID-19 virus." Doc. 30-3, p. 21. This memo is dated April 7, 2020. Even assuming, *arguendo*, that this document is admissible for the truth of the matter asserted (i.e., that COVID caused the delay), Plaintiff had already waited more than a year for the watch.

the light most favorable to Plaintiff, the jury could infer that the delays in providing the watch and hearing aids were arbitrary and the other accommodations were not effective. Accordingly, the issue of whether Defendant provided Plaintiff with reasonable accommodations cannot be resolved via summary judgment. *See Love*, 103 F.3d at 561.

To obtain compensatory damages, Plaintiff must establish IDOC knew "that a harm to [Plaintiff's] federally protected right [was] substantially likely" and failed to act upon that likelihood. *Lacy v. Cook Cty.*, 897 F.3d 847, 862 (7th Cir. 2018). The record reflects that Plaintiff made Christine Brown aware of the difficulties he faced because of his hearing impairments, and still months passed before he received accommodations that prevented him from missing meals and/or showers. Again, perhaps there are reasonable explanations for the wait, but the Court can only speculate as to what those explanations are. Without any evidence as to why Plaintiff had to wait for his hearing aids, watch, and the charger for his watch, a fact finder could infer that IDOC made a "deliberate choice" to delay providing the accommodations to Plaintiff. *Lange v. City of Oconto*, 28 F. 4th 825, 840-41 (7th Cir. 2022) (internal quotations and citations omitted). Accordingly, there is a genuine issue of material fact regarding whether Plaintiff is entitled to compensatory damages. Defendant's Motion for Summary Judgment (Doc. 30) is DENIED.

**IT IS SO ORDERED.**

**DATED: August 30, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**