IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL MEDEARIS,                    )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )          Case No. 20-cv-467-RJD
                                     )
ILLINOIS DEPT. OF CORRECTIONS,       )
                                     )
        Defendant.                   )
                                     )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC"), filed this suit pro se and in forma pauperis pursuant to the Americans with Disabilities Act, 42 U.S.C. §§12101-213 ("ADA") and the Rehabilitation Act, 29 U.S.C. §§ 29 U.S.C. §794 ("RA"). Plaintiff alleges that the IDOC failed to accommodate his hearing impairment.   On today's date, and by separate Order, the Court denied Defendant's Motion for Summary Judgment.   This case will now proceed to trial.

In anticipation of a previous trial date that has since been vacated, Defendant filed motions in limine to exclude certain evidence.  Doc. 31.  Plaintiff did not respond.  It is the movant's burden to establish that the evidence at issue is "inadmissible for any purpose." *Jonasson, v. Lutheran Child and Family Svcs.*, 115 F.3d 436, 440 (7th Cir. 1997).   Orders in limine may be revisited at trial.   *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) (*citing Luce v. U.S.*, 469 U.S. 38, 41-42 (1984)).

**1.  Opinions regarding the cause of any medical or mental health condition**

Page **1** of **3**

Defendant contends that Plaintiff should be barred from testifying about "any long-term effects the alleged actions of Defendant caused him." Of course, non-experts cannot give expert opinions. Fed. R. Evid. 701. Generally, a layperson cannot testify regarding the cause of a medical or mental health condition. *See id*. However, without knowing the "long-term effects" to which Defendant is referring, the Court cannot find that Plaintiff is barred from giving such testimony. At his deposition, counsel for Defendant did not ask Plaintiff about "long-term effects" related to his hearing loss. Motion in Limine No. 1 is DENIED but may be revisited at trial.

### 2. The State of Illinois will indemnify IDOC.

Evidence that a party is insured is not admissible to prove the party acted wrongfully. Fed. R. Evid. 411. Defendant's Motion in Limine No. 2 is therefore GRANTED to the extent that Plaintiff will not be allowed to admit evidence regarding indemnification of IDOC for the purpose of showing that IDOC violated his rights under the ADA/RA.

### 3. Inadmissible hearsay statements by medical or mental health professionals.

Defendant asks that the Court bar Plaintiff "from offering testimony at trial as to the statements of any medical professional." Without knowing the statements to which Defendants refer, the Court cannot determine whether those statements constitute inadmissible hearsay. Defendant's Motion in Limine No. 3 is DENIED but may be revisited at trial.

### 4. IDOC's employees followed IDOC policies and procedures.

Defendant contends that evidence of IDOC's policies and procedures-and whether its employees followed those procedures-is not relevant to the issue of whether Plaintiff's rights under the ADA/RA were violated. Again, Defendant does not point the Court to a particular policy at issue or a particular employee's actions. The issue at trial will be whether Defendant provided

reasonable accommodations to Plaintiff, and the Court cannot, at this time, find that all of IDOC's policies and procedures are irrelevant to that issue.   Defendant's Motion in Limine No. 4 is DENIED but may be revisited at trial.

### 5.   Other lawsuits against IDOC

Evidence that IDOC violated other inmates' ADA/RA rights is not admissible solely for the purpose of showing that IDOC violated Plaintiff's ADA/RA rights.   Fed. R. Evid. 404(b)(1). However, there are specific purposes for which other ADA/RA violations by IDOC may be admissible, and without knowing what lawsuit(s) are at issue, the Court cannot find that evidence of other ADA/RA lawsuits is barred in limine.   *See* Fed. R. Evid. 404(b)(2).   Defendant's Motion in Limine No. 5 is DENIED but may be revisited at trial.

### Conclusion

At trial, Plaintiff may not present evidence regarding indemnification of IDOC for the purpose of showing that IDOC violated his rights under the ADA/RA.   Defendant's Motions in Limine (Doc. 31) are otherwise DENIED.

**IT IS SO ORDERED.**

**DATED: August 30, 2023**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**